IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PHYSICIANS MUTUAL and 401-K ADMINISTRATOR for Physicians Mutual,<br><br>　　　　　　Defendants. | 4:21CV3157<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

### I. APPLICABLE STANDARDS ON INITIAL REVIEW

　　　The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

　　　"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff claims Defendants breached their fiduciary responsibility when they failed to notify him before his wife cashed out her 401(k) retirement plan. He seeks reimbursement for one-half of the $65,000 that allegedly was distributed to his wife.

## III. ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1).

Because the amount in controversy in this case is alleged to be $32,500, the court does not have subject-matter jurisdiction under 28 U.S.C. § 1332 even if there might be diversity of citizenship. Plaintiff does not identify any federal statute that might give rise to "federal question" jurisdiction under 28 U.S.C. § 1331, but 401(k) plans are generally within the province of the Employee Retirement Income Security Act (ERISA).

ERISA "enables plan participants and beneficiaries to bring civil actions to recover benefits and enforce rights under the plans, 29 U.S.C. § 1132(a)(1)(B), and to obtain equitable relief for violations of the terms of the plan or to enforce the plan's terms, *id.* § 1132(a)(3)." *Delker v. MasterCard Int'l, Inc.*, No. 20-3600, ___ F.4th ___, 2022 WL 38468, at *3 (8th Cir. Jan. 5, 2022). A "participant" is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan ... or whose beneficiaries may be eligible to receive any such benefit." 28 U.S.C. § 1002(7). A "beneficiary"

2

is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). In order to be a "beneficiary" with ERISA standing, a claimant must have a reasonable or colorable claim to benefits under an ERISA plan. *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 790 (8th Cir. 2012).

Although the court questions whether Plaintiff has standing, "[t]he standard for a colorable claim is low." *Albers v. Mellegard, Inc.,* No. CR 06-4242-KES, 2008 WL 7122683, at *13 (D.S.D. Oct. 27, 2008); *Mitchell v. Blue Cross Blue Shield of N. Dakota*, No. 215CV00086LLPARS, 2018 WL 3463260, at *8 (D.N.D. July 18, 2018), *aff'd in relevant part, rev'd in part,* 953 F.3d 529 (8th Cir. 2020). A colorable claim is one that is non-frivolous but "need not have a likelihood of success on the merits." *Id.* The court therefore will permit the case to proceed to service of process.

Accordingly,

IT IS ORDERED:

1. This matter may proceed to service of process. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms that the Clerk of Court will provide. The Clerk of Court shall send two summons forms and two USM -285 forms to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. Otherwise, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms and forward them together with two copies each of the Complaint (Filing 1) and this Memorandum and Order to the United States Marshals Service for service of process on Defendants. The Marshals Service shall serve Defendants using any of the methods authorized by Fed. R. Civ. P. 4(e) & (h) for service on individuals and corporations.[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in

3

3. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

5. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 18th day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).