IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PHYSICIANS MUTUAL, and 401-K ADMINISTRATOR, for Physicians Mutual,<br><br>　　　　　　　Defendants. | 4:21CV3157<br><br>**ORDER** |

　　　　This matter is before the Court on plaintiff Billy Tyler's ("Tyler") pro se "Reply to Defendants' Dismiss Motion and Recusal Motion for Gerrard" (Filing No. 22). Part of that filing seeks recusal of presiding Judge John M. Gerrard ("Judge Gerrard"), on grounds of alleged bias or prejudice. *See* 28 U.S.C. §§ 144 and 455. Judge Gerrard referred the motion to me. *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (noting trial court judges have discretion to refer recusal motions to another judge for disposition). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).

　　　　Tyler does not meet that heavy burden. He makes only one "allegation" to form the basis of his motion—that is, Judge Gerrard "changed Ernie Chamber law to violate my rights" while Judge Gerrard was a member of the Nebraska Supreme Court. A motion to recuse must set forth details explaining the basis of the claim of bias or prejudice. *See United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (explaining that a party alleging bias or prejudice "must show 'that the judge had a disposition so extreme as to display clear inability to render fair judgment.'" (quoting *United States v. Denton*, 434 F.3d 1104,

1111 (8th Cir. 2006))). An unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal. *See Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992); *see also Melton*, 738 F.3d at 906 ("Judicial rulings rarely establish a valid basis for recusal.").

Judge Gerrard's tenure on the Nebraska Supreme Court spanned from 1995 to 2012. Tyler's cursory allegation seems to be premised entirely on an unfavorable ruling in previous litigation before a different court, more than ten years ago. Any such decision is not indicative of bias in the present matter. *Id.*

Accordingly, plaintiff Billy Tyler's request for recusal (Filing No. 22) is denied.

IT IS SO ORDERED.

Dated this 25th day of March 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

2