IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>            Plaintiff,<br><br>vs.<br><br>PHYSICIANS MUTUAL and 401-K ADMINISTRATOR for Physicians Mutual,<br><br>            Defendants. | 4:21-CV-3157<br><br>ORDER |

      The plaintiff has filed a notice of appeal (filing 28) from the Chief Judge's order (filing 24) denying his motion to recuse. But a litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The plaintiff has not proffered a filing fee, and is presumably relying on Fed. R. App. P. 24(a)(3), which provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization." *See* filing 6.

      But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *See also* Rule 24(a)(3)(A). An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 445 (1962); *Ellis v. United States,* 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge,* 369 U.S. at 447; *Ellis,* 356 U.S. at 675.

An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is wholly without merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

It is well-settled that the denial of a motion to disqualify a district judge is reviewable by appeal only from a final judgment in the cause in which the motion for disqualification was filed. *Liddell v. Bd. of Ed. of City of St. Louis*, 677 F.2d 626, 643 (8th Cir. 1982); *see Campbell v. Baylard*, 740 F. App'x 111, 112 (8th Cir. 2018); *Scarrella v. Midwest Fed. Sav. & Loan*, 536 F.2d 1207, 1210 (8th Cir. 1976); *see also United States v. Brakke*, 813 F.2d 912, 913 (8th Cir. 1987). Nor, to the extent that the plaintiff has requested it, can this matter be appropriately certified for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009). Accordingly, the plaintiff is attempting to appeal from a non-appealable order, so his appeal is frivolous and not taken in good faith.

The plaintiff has also filed another motion to recuse. Filing 27. That motion will be denied for the same reasons as the previous motion. The Court has considered the effect of the plaintiff's putative interlocutory appeal. But a district court is not divested of jurisdiction if a party appeals a non-appealable order. *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). The Court will also proceed with the defendants' pending motion to dismiss (filing 15): although the Court should "stay its hand" if "the issue of appealability is in doubt," *see id.*, it is not in doubt here. Accordingly,

- 2 -

progression of this case will continue. And the plaintiff's unauthorized (and untimely) surreply brief (filing 26) will be stricken.

IT IS ORDERED:

1. The plaintiff's motion to recuse (filing 27) is denied.

2. The plaintiff's sur-reply brief (filing 26) is stricken.

3. The Clerk of the Court shall provide the Clerk of the U.S. Court of Appeals for the Eighth Circuit with a copy of this order and follow its normal practice in cases such as this one.

Dated this 2nd day of May, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge