IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER<br><br>                Plaintiff,<br><br>vs.<br><br>PHYSICIANS MUTUAL, and 401-K ADMINISTRATOR, for Physicians Mutual<br><br>                Defendants. | 4:21-CV-3157<br><br>MEMORANDUM AND ORDER |

      The defendant in this case, Physicians Mutual Insurance Company, provides retirement benefits to its employees through the Physicians Mutual Defined Contribution Retirement Plan and Trust ("Plan"). Filing 17-2 at 1. The plaintiff, Billy Tyler, alleges that Physicians Mutual breached its fiduciary duty when it failed to notify him when his wife withdrew all funds from her account under the Plan. Filing 1. This matter is before the Court on the motion to dismiss (filing 15) filed by Physicians Mutual, asserting that this Court lacks subject-matter jurisdiction over Tyler's claim and that Tyler fails to state a claim. The Court agrees and will dismiss the complaint.

BACKGROUND

      Physicians Mutual provides retirement benefits to its employees through the Plan and uses a third-party administrator to assist in administration. Filing 17-2 at 1-2. The Plan does not require notice be given to a spouse or beneficiary for the participant to withdraw funds from his or her account. Filing 17-2 at 2. The Plan also does not require consent from a spouse or beneficiary for the participant to withdraw funds from his or her account.

Filing 17-2 at 2. The Plan only mentions a consent requirement from a spouse in the event that the participant wishes to designate a different beneficiary of the account upon their death. Filing 17-1 at 10.

Tyler alleges he was married to Rhandi Tyler, an employee of Physicians Mutual and a participant in the Plan. Filing 1 at 2; Filing 17-2 at 2. Tyler has never been an employee of Physicians Mutual nor a participant in the Plan. Filing 17-2 at 2. Tyler's wife retired as an employee of Physicians Mutual. Filing 17-2 at 2. She later made a request to the third-party administrator of the Plan and withdrew all funds from her account with the Plan, allegedly $65,000. Filing 17-2 at 2; Filing 1 at 1. According to Physicians Mutual, Tyler did not commence any internal claims procedures for the account following the withdrawal or prior to this lawsuit. Filing 17-2 at 3.

The Plan outlines two situations in which Tyler could have been eligible for any distribution of funds: (1) if his wife died while working for Physicians Mutual; or (2) if Physicians Mutual received a qualified domestic relations order ("QDRO") that allocated a portion of the assets to Tyler. Filing 17-1 at 14, 17; Filing 17-2 at 2. Physicians Mutual has adduced evidence that it never received a qualified domestic relations order requiring allocation of funds to Tyler. Filing 17-2 at 3. And nothing before the Court suggests that Tyler's wife has died, while employed by Physicians Mutual or otherwise.

Nonetheless, Tyler sued Physicians Mutual, claiming it breached its fiduciary duty when it failed to notify him before his wife withdrew all funds from the Plan. Filing 1. He sought reimbursement for one-half of the $65,000 distribution, and an additional $10,000,000 in damages for an unspecified injury. Filing 1.

Physicians Mutual moved to dismiss for lack of subject-matter jurisdiction because Tyler lacked standing to pursue a civil action under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.[1] Filing 16. Physicians Mutual additionally moved to dismiss for failure to state a claim upon which relief can be granted. Filing 16.

## STANDARD OF REVIEW

A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the court has subject-matter jurisdiction. The party asserting subject-matter jurisdiction bears the burden of proof. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). When a Rule 12(b)(6) motion and a Rule 12(b)(1) motion are filed simultaneously, subject-matter jurisdiction must be established before proceeding to the merits of the case. *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

A court deciding a Rule 12(b)(1) challenge must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court

---

[1] ERISA "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans," including pension benefit plans. See *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1343 n.1 (8th Cir. 1991). Although Tyler's complaint doesn't identify the legal basis for his claim—he simply refers to a "401-K action," filing 1 at 1—the Court infers that ERISA is the pertinent law because he is suing Physicians Mutual and not his former wife.

accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson,* 516 F.3d 1055, 1058 (8th Cir. 2008).

Conversely, in a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered. *Branson Label,* 793 F.3d at 914. Thus, the nonmoving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court. *Id.* But factual challenges do not arise only when a court considers matters outside the pleadings. *Faibisch v. Univ. of Minnesota,* 304 F.3d 797, 801 (8th Cir. 2002). A district court engages in a factual review when it inquires into and resolves factual disputes. *Id.*

The court has "substantial" authority to determine whether it has jurisdiction. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990).

Physicians Mutual challenges Tyler's standing to pursue a civil action under ERISA. Physicians Mutual has presented both the Summary Plan Description and a Declaration of the Compensation and Benefits Manager of the Plan to support their motion. Filing 17. Thus, Physicians Mutual poses a factual challenge to Tyler's status under the Plan and ERISA.

## DISCUSSION

If a party lacks standing to bring a civil action, the court has no subject-matter jurisdiction. *Faibisch,* 304 F.3d at 801; *see Wilson v. Sw. Bell Tel. Co.,* 55 F.3d 399, 403 n. 3 (8th Cir. 1995). ERISA empowers participants or beneficiaries to bring a civil action "to recover benefits" or "to enforce [their] rights" under the terms of their plan. 29 U.S.C. § 1132(a)(1)(B). Participants or beneficiaries may also "obtain other appropriate equitable relief (i) to redress . . . violations." § 1132(a)(3). A "participant" includes employees or

former employees "who [are] or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of any employee benefit plan, who is or may become entitled to a benefit." § 1002(8).

Tyler was not a "participant," so his claim to standing under ERISA depends on whether he was a "beneficiary." To be a "beneficiary," a claimant must have a "reasonable or colorable claim to benefits under an ERISA plan." *A.J. ex rel. Dixon v. UNUM*, 696 F.3d 788, 790 (8th Cir. 2012). The standard for a colorable claim is low. *Albers v. Mellegard, Inc.*, No. 4:06-cv-4242, 2008 WL 7122683, at *13 (D.S.D. Oct. 27, 2008); *see Mitchell v. Blue Cross Blue Shield of N.D.*, 953 F.3d 529, 536-37 (8th Cir. 2020). A colorable claim is "not without some merit," but "need not have a likelihood of success on the merits." Albers, 2008 WL 7122683, at *13. Accordingly, the Court's jurisdiction in this case is predicated on whether Tyler has a colorable claim to benefits under ERISA and the Plan.

Tyler could have been entitled to benefits under the Plan in two situations: (1) the death of his wife prior to her withdrawal or (2) an alternative allocation of benefits according to a valid QDRO. Filing 17-1 at 14, 17. Tyler's wife was the participant under the Plan and was alive when she withdrew all the funds from her account. Filing 17-2 at 2-3. Additionally, Physicians Mutual has adduced evidence that it never received a QDRO to alter the allocation of benefits for Tyler's wife's account Filing 17-2 at 3. Thus, neither situation under which Tyler may have had a claim to benefits as outlined in the Plan existed at the time of withdrawal, nor does Tyler claim either situation existed.

Additionally, no funds remain in Tyler's wife's account after his wife, as the Plan Participant, withdrew all the funds from her account. Filing 17-2 at 2. Without any present or future rights to benefits under the Plan due to the

absence of remaining funds, Tyler cannot have a reasonable or colorable claim to benefits under ERISA. See *Joseph v. New Orleans Elec. Pension Retirement Plan*, 754 F.2d 628, 630 (5th Cir. 1985); *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir. 1986); *cf. Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989); *Dixon*, 696 F.3d at 790.[2]

Nor does merely claiming a breach of fiduciary duty create a right to future benefits that would confer beneficiary status on the plaintiff. *Zinn v. Donaldson Co.*, 799 F. Supp. 69, 74 (D. Minn. 1992); *cf Kuntz*, 785 F.2d at 1412 (a claim for damages is not a potential future benefit within the meaning of ERISA). Thus, Tyler also does not have standing merely by claiming a breach of fiduciary duty by Physicians Mutual without a distinct colorable claim as a beneficiary. See *Zinn*, 799 F. Supp. at 74; *Kuntz*, 785 F.2d at 1412.

Nonetheless, Tyler insists that Physicians Mutual was required to notify him prior to his wife withdrawing the funds from her account under the Plan. But Physicians Mutual says the Plan does not require spousal notification or consent prior to the Plan Participant's withdrawal of funds, and the text of the Plan supports that. Filing 17-1; *see United States v. Beulke*, 892 F. Supp. 2d 1176, 1182 (D.S.D. 2012) (acknowledging that a 401(k) account's terms can

---

[2] A narrow exception for this rule exists when an ERISA violation eliminated the plaintiff's standing, but the plaintiff must have had standing at some point and subsequently been deprived of it by the employer. *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1222 (5th Cir. 1992); *Adamson v. Armco, Inc.*, 44 F.3d 650, 654-55 (8th Cir. 1995) (denying standing to former employees who allowed the statute of limitations for their benefits to run out through their own mismanagement). Tyler would not have been a participant in the Plan or a beneficiary with a claim to benefits even if Physicians Mutual notified him that his wife was withdrawing funds from her account. Tyler was not in a position to receive any benefits from Physicians Mutual which he was then deprived of, and thus does not have standing under this exception. See *Christopher*, 950 F.2d at 1209; *Adamson,* 44 F.3d at 654-55.

allow lump sum withdrawal without spousal consent). Further, Tyler has not directed the court to any legal arguments to support his claim that spousal notification was required for withdrawal.

Nothing in the complaint nor the evidence adduced by Physicians Mutual suggests that Tyler has a colorable claim to benefits and thus standing to sue under ERISA. Tyler was not a participant of the Plan, his wife was not deceased, and there is no qualified domestic relations order. Tyler is not currently entitled to benefits nor will he be entitled to benefits in the future from the empty account under the Plan. None of the situations in which a spouse may have standing to sue under ERISA exist here, and Tyler does not suggest any other basis for his standing to bring a civil action.

For the sake of completeness, the Court also notes that Tyler fails to state a claim upon which relief can be granted. If Tyler does not have standing to bring a civil action because he is not a beneficiary under ERISA, then he is seeking relief that is not available to him. ERISA is considered a "comprehensive and reticulated statute" and remedies are not available beyond what is explicitly articulated in the statute. *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 251 (1993). In particular, "other appropriate equitable relief" available to participants or beneficiaries under § 1132(a)(3), does not include monetary claims for compensatory damages, but rather only for restoration of funds that can be clearly traced to the plaintiff's possession. *Id.*; *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 213 (2002). There is no basis for that here.

## CONCLUSION

For the reasons explained above, the Court finds that Tyler lacks standing to bring a civil action under ERISA, and thus the Court lacks subject-matter jurisdiction. Because there is no claim to relief available to Tyler under

ERISA, the Court also finds that Tyler fails to state a claim upon which relief can be granted. Accordingly,

IT IS ORDERED:

1. Physicians Mutual's motion to dismiss (filing 15) is granted.

2. The plaintiff's complaint is dismissed.

3. The plaintiff's preservice motion for summary judgment (filing 10) is denied as moot.

4. A separate judgment will be entered.

Dated this 14th day of June, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge